IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESUS MANUEL GARCIA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-2135-L-BN** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On July 17, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court, pursuant to 28 U.S.C. § 1915(e)(2)(B), dismiss with prejudice this action by pro se Plaintiff Jesus Manuel Garcia ("Plaintiff") as frivolous or failure to state a claim upon which relief can be granted because: (1) he seeks to sue the United States of America for alleged civil rights violations "related to purported harassment and stalking by two individuals at East Fork Park in Wylie, Garcia's house, other parks, gas stations, and the local Walmart"; and (2) he does not explain why he believes the United States would be liable for such actions, "but he asserts that he provided notice to the 'District Attorney' about this issue at the United States Courthouse in Sherman, which is not in this district but the Eastern District of Texas." Doc. 4 at 3. Because of the baseless nature of his claims, the magistrate judge further recommends that Plaintiff not be allowed to amend his pleadings even though pro se litigants are ordinarily given the opportunity to amend their pleadings prior to dismissal. No objections to the Report were filed, and the 14-day deadline to do so has expired.

Having considered the pleadings in this case, the file, record, and Report, the court determines that the magistrate judge's findings and conclusions regarding the deficient nature of Plaintiff's pleadings are correct, and **accepts** them as those of the court. The court also agrees that Plaintiff has pleaded his "best case" such that amendment would be futile and serve no purpose and unnecessarily delay the resolution of this litigation. Rule 15(a)[*] provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). The court, therefore, **dismisses with prejudice** this action and all of Plaintiff's claims against the United States under § 1915(e)(2)(B) as frivolous or failure to state a claim upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff

---

[*] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 27th day of October, 2026.

Sam A. Lindsay
United States District Judge